[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PREJUDGMENT REMEDY
 This case comes to this Court on a series of motions that substantially involve an injunction and a prejudgment remedy as well as a motion for contempt. The Court has reviewed all of the relevant motions and the affidavits. The parties agreed to submit this to this Court by affidavit.
The Court finds the following facts:
Gerald Metals, Inc. (Gerald) entered into an agreement with Jinzhou Hauxin Copper Industry Co., Ltd. (Jinzhou) to purchase copper blister ore. Copper blister comes in large blocks of unrefined ore. Under the agreement the goods were to be shipped from China to Korea. To facilitate payment Gerald opened a letter of credit from Union Bank of Switzerland, A.G. (UBS). The original letter of credit was in the amount of $1,743,505.95 United States currency.
The agreement entitled Gerald to assay the copper blister prior to shipment. Gerald returned to IG to perform the assay and based on that assay, Gerald approved the goods as provided by Jinzhou in China. The goods were then transported by ship to Korea.
In accordance with the parties agreement Jinzhou drew upon 80% of the value of the letter of credit. Sometime after the goods were assayed Jinzhou switched the goods or someone else switched the goods, but that the goods were of inferior quality and value. When the substituted goods arrived in Korea, IG CT Page 14201 conducted a second assay, again pursuant to the parties agreement. The results of the second assay were dramatically at odds with results of the first assay. Specifically, the content of copper, gold and silver were materially different. The difference in valuation between the goods inspected in China and the goods that arrived in Korea is approximately $366,000.
The Court finds as true the facts set forth in the affidavits of Michael D. Magidson, Gerald's Executive Vice President, and Gary Potter, an employee of the Inspectorate Griffith (IG) the company that conducted the assays of the goods at issue.
In addition, the Court has reviewed the affidavit of William P. Alford dated 6/1/99 and finds it to be true. In summary Mr. Alford's affidavit indicates that based on his training, experience and expert opinion that he concludes that efforts by the American Corporation to enforce an English arbitrator award in the People's Republic of China may well encounter significant obstacles in the Chinese Judicial System that would greatly delay the recognition and enforcement of such an award and further significantly increase the cost associated with its recognition and enforcement in ways not contemplated by convention. In summary, he indicated that the likelihood of getting the money back once it is paid is greatly decreased. In addition, the court has reviewed the affidavit of Davis Liang and finds it to be true concerning the difficulty of determining whether or not the same material arrived that was shipped.
With costs and interests a reasonable garnishment is valued at $425,000.
Whereas Gerald Metals, Inc. (Gerald) has made a motion for prejudgment remedies pursuant to Section 52-278 (a) et seq. of the Conn. General Statutes; and
Whereas from an examination of the motion affidavits in the accompanying documentation, it is found that there is probable cause that a judgment in the amount of the prejudgment remedy sought, or in an amount greater than the amount of the prejudgment remedy sought, taking into account any known defenses, counterclaims or set-off, will be rendered in the matter in favor of the applicant and that to secure the judgment the applicant seeks an order from this court directing that the following prejudgment remedy be granted to secure the sum of $425,000. CT Page 14202
Now therefore, it is ordered that the Plaintiff be permitted to garnish the Defendant Union Bank of Switzerland, A.G. (UBS) in the amount of $425,000, as UBS is believed the agent, trustee and or debtor of the Defendant Jinzhou Hauxin Copper Industry Co., Ltd. (Jinzhou) and has in its possession property of Jinzhou and is indebted to Jinzhou pursuant to that certain letter of credit dated December 2, 1998 (No. 1022463) in the original principal amount of $1,743,505.95 (as the same may have been amended from time to time), such letter of credit being attached as Exhibit 3 to that certain affidavit of Michael D. Magidson dated March 15, 1999 and submitted to the Court in support of the Plaintiff's motion.
It is further specifically ordered that such garnishment shall be effectuated by lawful service in the manner provided for by Connecticut law and, subsequent to such service, that UBS hold and maintain such sums thereby garnished in its possession, all until further order of the Court.
Dated: 10/20/99, 1999
KARAZIN, J.